UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVETT FOBBS, ET AL., | Case No. C09-2723 (PJH) JCS |
| Plaintiff(s), | |
| v. | **DISCOVERY ORDER** |
| NEW HAVEN UNIFIED SCHOOL DISTRICT, ET AL., | |
| Defendant(s). | |

RELATED ACTIONS:

| | |
|---|---|
| ANGELIQUE PAIGE, ET AL., | Case No. C09-0687 PJH (JCS) |
| Plaintiff(s), | |
| v. | |
| NEW HAVEN UNIFIED SCHOOL DISTRICT, ET AL., | |
| Defendant(s). | |

| | |
|---|---|
| ALVETT FOBBS, ET AL., | Case No. C10-1065 PJH (JCS) |
| Plaintiff(s), | |
| v. | |
| NEW HAVEN UNIFIED SCHOOL DISTRICT, ET AL., | |
| Defendant(s). | |

On June 4, 2010, at further discovery conference was held. Counsel for all parties in these related actions appeared, along with counsel for Intervenor. The parties also held a meet-and-confer regarding the Joint Coordination of Depositions Among the Three Related Cases.

For the reasons stated on the record at the hearing, and good cause appearing, IT IS HEREBY ORDERED that:

1. On or before **June 9, 2010**, all parties in these related actions shall meet and confer and submit to the court a proposed protective order, using the standard form of protective order on the Court's website (the "Protective Order");

2. By agreement of the parties, any deposition taken in any of these related cases may be used in all of these related cases as if it was taken in all of the cases;

3. By agreement of the parties, in any deposition in these cases, where the witness has previously been deposed in one of these related cases, no questions may be asked if they had been asked of the witness in the prior deposition;

4. By agreement of the parties, all documents produced in any of these cases shall be produced to all counsel in all of these related cases;

5. With respect to the depositions of the named plaintiffs, or absent class members, in C09-2723 ("Fobbs I"), the following rules shall apply until the motion for class certification is decided, unless otherwise agreed to by the parties or ordered by the Court:

    A. In Fobbs I, defendants may take the deposition (before the close of class discovery) of any named plaintiff, and of any absent class members for whom plaintiffs' counsel (1) have previously submitted a declaration in this case, or (2) intends to submit a declaration in connection with the motion for class certification. Plaintiffs' counsel has provided a list of absent class members that may submit declarations. Plaintiffs' counsel shall provide full contact information for these witnesses to defense counsel forthwith, and shall cooperate in securing the deposition of these absent class members.

        Defendants may take the deposition of any of the absent class members on the list, except for those with respect to whom plaintiffs' counsel has notified defendants' counsel that they do not intend to submit a declaration from that particular witness.  If, after defendants have made good faith efforts to depose a listed absent class member, the class member either cannot be served with process or fails to appear for deposition, then no declaration of that class member may be submitted by plaintiffs' counsel in connection with the class certification motion.

  B.    No questions shall be asked regarding damages, or regarding the witnesses' school record (the "excluded subjects"); and

  C.    Depositions shall be noticed in all of the related actions.  However, any counsel in C09-687 ("Paige") has the option of attending if these depositions are noticed in one of the other two related cases.  In that event, if any counsel in Paige attends the deposition, then such counsel may ask questions of the witness, and may not redepose the witness except on the excluded subjects.  If any counsel in Paige does not attend one of these depositions, then that counsel may redepose such witness even on the subjects covered at the first deposition, provided that they comply with paragraph 3 above;

6.    Plaintiffs' counsel in Fobbs I shall notice the deposition, pursuant to Fed. R. Civ. P. 30(b)(6), of a witness or witnesses concerning the relevant policies of defendant City of Union City.  This deposition shall be noticed in all 3 actions and may only be taken once;

7.    In C10-1075 ("Fobbs II"), all parties shall provide Initial Disclosures pursuant to Fed. R. Civ. P. 26, on or before **June 18, 2010**;

8.    In Fobbs I, in response to Document Requests Nos. 5 and 6, defendants shall provide all responsive police reports for past 5 years.  These reports have been produce and four of the incidents reflected thereon have been selected for sampling by counsel for plaintiffs (the "sample incidents").  On or before **June 11, 2010**, Defendants shall

3

produce all of the following for the sample incidents:

    A.    Under the Protective Order, on an Attorney's Eyes Only basis, all documents that refer or relate to the incidents, other than privileged documents; and

    B.    A privilege log reflecting all privileged documents withheld by defendants, or under a privilege asserted by Intervenor Department of Justice. No document shall be withheld on the basis of privacy, privacy of personnel files, privacy of peace officer personnel files, or any similar such privacy privilege, as these document will be produced on and Attorney's Eyes Only basis;

9. On or before **June 14, 2010**, lead trial counsel for all parties and the Department of Justice shall meet and confer in an effort to resolve all other current disputes regarding the production of documents, interrogatory responses, and responses to requests for admission. If any issues remain, the parties shall prepare and file, on or before **June 14, 2010**, a joint letter. The joint letter shall set forth in detail, separately for each particular discovery request in dispute, each party's position and the complete basis for that position, and each party's proposed compromise. The joint letter will be addressed at the next Discovery Conference.

10. The parties shall meet and confer on coordinating discovery so that police officer witnesses and school district witnesses may only be deposed once.

11. A further Discovery Conference in these related cases is scheduled for **June 18, 2010, at 9:30 a.m.** An updated joint Discovery Conference Statement shall be filed and submitted in hard copy to chambers not later than **9:30 a.m. on June 16, 2010**.

IT IS SO ORDERED.

Dated: June 7, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge

4