United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVETT FOBBS, ET AL., | Case No. C09-2723 (PJH) JCS |
| Plaintiff(s), | |
| v. | **DISCOVERY ORDER NO. 2** |
| NEW HAVEN UNIFIED SCHOOL DISTRICT, ET AL., | |
| Defendant(s). | |

RELATED ACTIONS:

| | |
|---|---|
| ANGELIQUE PAIGE, ET AL., | Case No. C09-0687 PJH (JCS) |
| Plaintiff(s), | |
| v. | |
| NEW HAVEN UNIFIED SCHOOL DISTRICT, ET AL., | |
| Defendant(s). | |

| | |
|---|---|
| ALVETT FOBBS, ET AL., | Case No. C10-1065 PJH (JCS) |
| Plaintiff(s), | |
| v. | |
| NEW HAVEN UNIFIED SCHOOL DISTRICT, ET AL., | |
| Defendant(s). | |

United States District Court
For the Northern District of California

The Court has received a Joint Letter dated June 15, 2005 signed by counsel for Plaintiffs in Fobbs I, for Defendant Union City, and for Intervenor California State Attorney General.  The Court held a hearing on June 18, 2010, at which counsel for all parties appeared.   The Court interprets the Joint Letter as a Motion to Compel.  The Motion to Compel is GRANTED IN PART, AND DENIED IN PART as set forth below. The Court first notes that all counsel have violated the Court's instruction at the last hearing that their positions in joint letters must also include their best compromise position on each discovery issue.  As a result, the Court is left in many instances without any compromises proposed by counsel.  The Court will therefore, in most instances, rule on each request as a whole – and not separate out any unspecified categories of information that might be produced even if the rest of the request is objectionable.  The only exception to this rule is where such a subcategory is obvious to the Court.  Counsel are cautioned that failure to include compromise positions in the future may result in the Court adopting the opposing sides position on the discovery at issue.  Good cause appearing, and for reasons stated on the record, IT IS HEREBY ORDERED that:

1.  Fobbs I Plaintiffs' Document Request No. 10.  Denied without prejudice to renewing after class certification is decided.  The Request is overbroad, and goes well beyond the scope of class discovery.  The production of police reports with respect to Requests 5 and 6, and the production of all documents related to particular incidents, will provide sufficient information to the Plaintiffs during this phase of the case.

2.  Fobbs I Plaintiffs' Document Request No. 15.  Denied.  Defendant City has represented that it has not withheld any responsive documents based on any privilege.

3.  Fobbs I Plaintiffs' Document Request No. 16.  Denied.  Defendant City has represented that it has not withheld any responsive documents based on any privilege.

4.  Fobbs I Plaintiffs' Document Request No. 17.  Denied without prejudice to renewing after class certification is decided.  The Request is overbroad, and goes well beyond the scope of class discovery.

5.  Fobbs I Plaintiffs' Document Request No. 20.  Denied.  Defendant City has represented that it has not withheld any responsive documents based on any privilege.

6. Fobbs I Plaintiffs' Document Request No. 29. Denied. Defendant City has represented that it has not withheld any responsive documents based on any privilege.

7. Fobbs I Plaintiffs' Document Request No. 30. Denied. Defendant City has represented that it has not withheld any responsive documents based on any privilege.

8. Fobbs I Plaintiffs' Document Request No. 31. Denied. Defendant City has represented that it has not withheld any responsive documents based on any privilege.

9. Fobbs I Plaintiffs' Document Request No. 32. Denied. Defendant City has represented that it has not withheld any responsive documents based on any privilege.

10. Fobbs I Plaintiffs' Document Request No. 33. Denied. Defendant City has represented that it has not withheld any responsive documents based on any privilege.

11. Fobbs I Plaintiffs' Document Request No. 34. Denied. Defendant City has represented that it has not withheld any responsive documents based on any privilege. In addition, this request is extremely overbroad, and plaintiffs have made no effort in the joint letter to narrow the request. Finally, plaintiffs do not seek an order, in the joint letter, compelling the production of any documents responsive to this request.

12. Fobbs I Plaintiffs' Document Request No. 35. Denied in part, without prejudice to renewing a narrowed version of this request after decision on class certification. Defendant City shall produce, within 7 days of this order, documents reflecting any surveys, polls or studies regarding (1) discrimination against African Americans in the past five years, or (2) violence by Latinos against African Americans, or (3) violence by African Americans against Latinos.

13. Fobbs I Plaintiffs' Certification Interrogatory No. 9. Denied without prejudice to renewing after decision on class certification. The Court notes that Plaintiffs are entitled to a Rule 30(b)(6) deposition of the City during class certification discovery regarding the relevant policies of the City. Docket #62 at paragraph 6.

14. Fobbs I Plaintiffs' Certification Interrogatory No. 10. Denied without prejudice to renewing after decision on class certification. The Court notes that Plaintiffs are entitled to a Rule 30(b)(6) deposition of the City during class certification discovery

|   |   |
|---|---|
| 1 | regarding the relevant policies of the City. Docket #62 at paragraph 6. |
| 2  15. | Fobbs I Plaintiffs' Certification Interrogatory No. 11.  Denied without prejudice to renewing after decision on class certification.  The Court notes that Plaintiffs are entitled to a Rule 30(b)(6) deposition of the City during class certification discovery regarding the relevant policies of the City. Docket #62 at paragraph 6. |
| 16. | Fobbs I Plaintiffs' Certification Interrogatory No. 14.  Denied without prejudice to renewing after decision on class certification.  The Court notes that Plaintiffs are entitled to a Rule 30(b)(6) deposition of the City during class certification discovery regarding the relevant policies of the City.  Docket #62 at paragraph 6. |
| 17. | Fobbs I Plaintiffs' Certification Interrogatory No. 15.  Denied in part without prejudice to renewing after decision on class certification.  The Court notes that Plaintiffs are entitled to a Rule 30(b)(6) deposition of the City during class certification discovery regarding the relevant policies of the City. Docket #62 at paragraph 6.  However, Defendant City shall answer, within 7 days of this Order, the question posed in the joint letter: Does the City track complaints of gang violence, and, if so, describe the method used to track such complaints. |
| 18. | Fobbs I Plaintiffs' Certification Interrogatory No. 18.  Granted in part.  Defendant City shall supplement its answer by describing the ethnic background of the officers already listed in response to this Interrogatory.   This information may be designated confidential under the Protective Order. |
| 19. | Fobbs I Plaintiffs' Certification Interrogatory No. 19.  Denied.  This Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. |
| 20. | Fobbs Plaintiffs Requests for Admissions.  Denied without prejudice to renewing these requests after decision on the motion for class certification. |
| 21. | Any joint discovery letter that the parties desire to have addressed at the next conference shall be filed **before** June 29, 2010. |
| 22. | An updated joint case management conference statement shall be filed on or before **Tuesday, June 29, 2010, at 9:00 a.m.** |

4

23. A further discovery conference is specially set for **July 1, 2010, at 3:00 p.m.**

IT IS SO ORDERED.

Dated: June 18, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge

5